IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rikki Lynn Halavonich, | ) | C/A No. 0:10-1780-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Shah & Shah Investments, LLC; Shah Investments, LLC; William Royster; Aiken County; City of Aiken; and Aiken Department of Public Safety, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) DSC on the motion of the plaintiff, Rikki Lynn Halavonich, to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 27.) All defendants who have made an appearance[1] in this action consent to dismissal without prejudice upon the terms outlined below.

Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may not voluntarily dismiss her action without a court order after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Following a hearing on the plaintiff's motion, the defendants indicated their consent to dismissal without prejudice upon the following terms: (1) payment of the defendants' costs in this action; and (2) payment of the defendants' attorneys' fees reasonably incurred in this action if the plaintiff re-files the Complaint in the future.

---

[1] It appears that Defendant Shah & Shah Investments, LLC has not been served with process.

An award of the taxable costs of the litigation is a common condition imposed by courts for a voluntary dismissal under Rule 41(a)(2). See Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987). Furthermore, courts have recognized that when a case is voluntarily dismissed *without* prejudice, the payment of attorneys' fees may be appropriate "in view of the risk that the same suit will be refiled and will impose duplicative expenses upon the defendant." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2366, at 540 (3d ed. 2008); see also Colombrito v. Kelly, 764 F.2d 122 (2d Cir. 1985) (contrasting the rationale behind requiring payment of attorneys' fees in cases voluntarily dismissed without prejudice to those voluntarily dismissed with prejudice, where there is no risk of duplicative fees). Here, the court finds it appropriate to permit the plaintiff's voluntarily dismissal of her case without prejudice on the condition that if she later recommences this case, the plaintiff must pay at that time the defendants' reasonable attorneys' fees associated with this matter in an amount determined by the court to be necessary to avoid subjecting the defendants to duplicative fees. See Froman v. JP Morgan Chase Bank, N.A., C/A No. 5:08-073, 2009 WL 2512404, *2 (W.D. Va. Aug. 14, 2009) (unpublished) (stating that in granting a plaintiff's motion to dismiss under Rule 41(a)(2), "[a] court may . . . require the plaintiff to pay [the defendants'] costs, expenses, and attorney's fees before refiling") (citing Belle-Midwest v. Missouri Property & Casualty Ins. Guar. Ass'n, 56 F.3d 977, 979 (8th Cir. 1995) & Versa Prods. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004)). Accordingly, pursuant to Rule 41(a)(2) and 28 U.S.C. § 636(b)(1)(A), it is

**ORDERED** that the plaintiff's motion to voluntarily dismiss the Complaint without prejudice is granted, with the consent of the defendants, upon the conditions set forth above.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 5, 2011
Columbia, South Carolina